SARAH H. TEBBETTS *vs.* THE HAMILTON MUTUAL INSURANCE COMPANY.

Fraud in inducing a person to accept a policy of insurance will not render an insurance company liable in an action of contract upon it, if by the terms of the policy such action cannot be maintained.

If by the terms of a contract of insurance it is expressly provided that the application on which the policy is issued shall be held to be a warranty on the part of the assured, knowledge by the agent or officers of the company that certain answers in the application were not correct is no evidence of a waiver by the company.

CONTRACT upon a policy of insurance. At the second trial in this court, the plaintiff offered to prove that she was induced to take the policy through the fraud of the defendants, and that their agent and officers knew of the situation of the buildings near the property insured, which, it was held at the former hearing of this case, made the policy invalid; but *Chapman*, J. ruled that the evidence was immaterial, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*R. B. Caverly*, for the plaintiff.

*W. P. Webster*, for the defendants.

HOAR, J. When this case was before us at a former term, (1 Allen, 305,) it was held that the plaintiff could not maintain her action, because the answers given by her to certain interrogatories in the application for insurance were not correct, and their correctness was made by the policy essential to the validity of the contract. At the second trial, she offered to show that she was induced to accept a policy containing such a condition, by the fraud of the defendants or their officers. But she sues upon the policy. It is the only contract she has, and it is a conditional contract. If she was induced to take such a contract by fraud, she may repudiate it, or have her remedy against the party by whom she was defrauded. But she cannot therefore sue and recover upon a different contract from the one actually made.

2. The insurance company made the policy upon the application in writing, and made its correctness an express condition

48*

of the validity of the contract. A knowledge by their agent that it was not correct is no evidence of any waiver by the company. *Exceptions overruled.*